IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GLENDA BRUNO, Individually and as Next Friend of C.G., a minor | § § § | |
| Plaintiff, | § § | CASE NO. 4:07cv451 |
| v. | § § | |
| TRACY LYNN MARTIN, | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS**

Now before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 46). Having reviewed the parties' pleadings and the record in this case, the motion is DENIED.

In the motion, Defendant argues that Plaintiff has failed to satisfy the jurisdictional requirement for diversity cases requiring that the amount in controversy is greater than $75,000. Diversity jurisdiction exists in federal district courts when the suit involves a controversy between citizens of different states *and* the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "Dismissal of a diversity action for want of jurisdiction is justified *only where it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount.*" *Duderwicz v. Sweetwater Sav. Ass'n*, 595 F.2d 1008, 1012 (5th Cir. 1979) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938); *Burns v. Anderson*, 502 F.2d 970 (5th Cir. 1974)) (emphasis added). "In making that determination the district court may look, not only to the face of the complaint, but to the proofs offered by the

1

parties." *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 283 (5th Cir. 2001). If the complaint states a proper amount in controversy, then should generally not dismiss the case for want of jurisdiction "unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Nat'l Union Fire Ins. Co. v. Russell,* 972 F.2d 628, 630 (5th Cir.1992) (quoting *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed.2d 890 (1961)).

In her complaint, Plaintiff plainly claims that the "controversy in question exceeds $75,000." Dkt. 1 at ¶3. Plaintiff Glenda Bruno has sued on her own behalf and on behalf of her minor daughter for injuries allegedly arising out of a car accident. In her individual capacity, Glenda Bruno seeks past and future reasonable and necessary medical expenses, past and future mental anguish damages, past and future physical pain and suffering damages, past and future physical impairment or physical incapacity damages, past lost wages, and past and future lost earning capacity. Dkt. 1 at ¶¶ 6-10. Bruno also alleges that she has suffered physical disfigurement which will continue into the future. Dkt. 1 at ¶11. Bruno claims that as a result of all of these alleged damages, she seeks an amount in excess of $75,000. Dkt. 1 at ¶12.

Similarly, as to the damages allegedly suffered by the minor Plaintiff, Bruno's daughter, Plaintiff's complaint seeks damages for past and future reasonable and necessary medical expenses, past and future mental anguish damages, past and future physical pain and suffering damages, past and future physical impairment or physical incapacity damages, and physical disfigurement. Dkt. at ¶¶13-17. Plaintiff also claims that her daughter's damages alone exceed $75,000. Dkt. 1 at ¶18. Plaintiff's complaint also indicates Plaintiff seeks exemplary damages.

2

Defendant argues that, despite Plaintiff's clear claims in her complaint, the amount in controversy here is significantly less than $75,000. Defendant argues that Plaintiff has only incurred approximately $13,000 worth of medical bills and that her minor daughter's medical bills are less than $1,000. The Court does not find this argument persuasive as Plaintiff has clearly alleged and apparently intends to seek damages other than past medical bills.

Defendant further contends that the statement in the parties joint report that "Ms. Bruno only sues the Defendant for actual damages" indicates that the amount in controversy requirement is not satisfied. *See* Dkt. 9 at 3. The Court is not persuaded that this statement alone deprives it of jurisdiction. While the Court might interpret the statement as an indication that Plaintiff no longer intends to pursue exemplary damages, the Court will not construe the statement so narrowly as to bar Plaintiff from seeking other damages such as mental anguish damages. Plaintiff's live complaint alleges an amount in controversy greater than $75,000. There is no indication this allegation has not been made in good faith. *See* FED. R. CIV. P. 11. Therefore, the Court cannot find as a matter of legal certainty that there is no jurisdiction here.

While Defendant may not believe such a jury award is likely, the damages alleged by Plaintiff could when totaled (even excluding punitive damages) undoubtedly exceed $75,000. "[A] federal court examines a claim's amount in controversy from the perspective of the plaintiff, not the defendant." *Le Blanc v. Colonial Pipeline Co., 49 F. Supp.2d 922,* 924 (E.D. Tex.1999). It is not the Court's job to engage in speculation as to what a jury might award, if it chooses to award anything, to a plaintiff. Plaintiff here has alleged it. The Court cannot state as a matter of legal certainty that she will not be awarded those damages. As alleged, Plaintiff's damages in her

3

individual capacity are sufficient to satisfy the jurisdictional amount in controversy

As to Plaintiff's claims on behalf of her minor daughter, Defendant is correct that Plaintiff cannot aggregate the claims of multiple plaintiffs to meet the amount in controversy. *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 250 F.3d 302, 304-305 (5th Cir. 2001). However, as specifically alleged by Plaintiff in the complaint (again, in apparent good faith as is required by the Rules of Civil Procedure), the alleged damages of the minor plaintiff alone exceed $75,000. And, for the reasons set forth above, the Court cannot find as a matter of legal certainty that they do not.

The Court notes that it is unclear from Plaintiff's response to the motion to dismiss whether she no longer contends that the damages of the minor plaintiff alone exceed $75,000, as is alleged in her complaint. However, to the extent Plaintiff no longer claims the minor plaintiff's damages exceed $75,000, the motion to dismiss is still denied because this Court exercises supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367.

For these reasons, the Court finds that it has jurisdiction over Plaintiff's complaints and the motion to dismiss is denied.

**SO ORDERED.**

SIGNED this 20th day of May, 2008.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

4